UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDREY STUART,

    Plaintiff,

vs.

THE VILLAGE OF NEW HAVEN, et al.,

    Defendants.
    _____/

Civil Action No.
09-CV-14128

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMAND

This matter is presently before the court on plaintiff's motion for remand [docket entry 3]. Defendants have filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

Plaintiff Audrey Stuart commenced this action in Macomb County Circuit Court in May 2009. In her original complaint Stuart alleged that defendants, the Village of New Haven and five village officials, wrongfully discharged her from her position as village office manager. She asserted claims for wrongful discharge, defamation, violation of the Whistleblowers' Protection Act, race discrimination and retaliation under the Elliott-Larsen Civil Rights Act, and violation of the Open Meetings Act.

On September 17, 2009, the state court issued an order giving plaintiff 14 days "to amend her complaint . . . to allege a Title 7 claim." Pl.'s Mot., Ex. B. On September 30, 2009, plaintiff filed an amended complaint containing the aforementioned state-law claims and, in addition, race discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964,

42 U.S.C. §§ 2000e-2, *et seq.* On October 20, 2009, defendants removed the case to this court based on the presence of the newly asserted federal claims.

In her motion for remand, plaintiff argues that the removal was untimely because it occurred more than 30 days after the state court issued its order granting her motion for leave to amend. In response, defendants argue that the removal was timely because the 30-day removal period commenced when plaintiff filed her amended complaint, not when the state court issued its order allowing plaintiff to amend.

The statute governing the 30-day removal period states in relevant part as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . .

28 U.S.C. § 1446(b). In the present case, the parties agree that plaintiff's original complaint was not removable, as it contained only state-law claims and the parties are not diverse. The parties also agree that the amended complaint was removable, due to the addition of the Title VII claims. The issue is the point in time when it could "first be ascertained that the case is . . . or has become removable." Plaintiff argues that the triggering event was defendants' receipt of the state court order allowing her to file an amended complaint. Defendants argue the triggering event was the actual filing of the amended complaint.

Plaintiff asserts that the state court's order "specifically states that the amended complaint *will allege* a claim under Title VII. On receipt of that Order, Defendants certainly were able to ascertain that the Plaintiff *would file* a removable claim . . . ." (Emphasis added.) Plaintiff reads too much into the state court's order. That order did not state that plaintiff *will allege* a Title

VII claim and that she *would file* an amended complaint containing such a claim, but only that she had the court's *permission* to do so within 14 days. Certainly plaintiff was under no obligation to amend her complaint, and neither the state court nor defendants could have compelled her to do so. Had plaintiff chosen not to amend her complaint, and had defendants nonetheless removed the case based solely on the state court's order, this court would have had no basis for asserting subject matter jurisdiction. The case became removable when plaintiff actually filed her amended complaint, not when defendants received notice that plaintiff was contemplating doing so or had permission to do so, because it was only upon the filing of the amended complaint that a federal question existed in this case.

Although plaintiff cites no authority in support of her position, a number of courts have held that a previously unremovable case becomes removable, and the 30-day removal clock begins to tick, either when plaintiff files a motion in state court for leave to amend the complaint in such a way that federal jurisdiction is created[1] or the state court grants such a motion.[2] *See* Briant S. Platt, *Section 1446(B) Federal Removal Jurisdiction and the Thirty-Day Clock: Should a Motion to Amend Trigger the Time Bomb?* 4 Nev. L.J. 120 (2003) (discussing and comparing the courts' various approaches to this issue). Other courts, as defendants note, have held that plaintiff must actually file an amended complaint before the 30-day period begins to run.[3] The Sixth Circuit

---

[1] *See, e.g., Williams v. Heritage Operating, L.P.,* 2007 WL 2729652 (M.D. Fla. Sept. 18, 2007); *Webster v. Sunnyside Corp.,* 836 F. Supp. 629 (S.D. Iowa 1993).

[2] *See, e.g., Sullivan v. Conway*, 157 F.3d 1092 (7th Cir. 1998); *Davis v. Bemiston-Carondelet Corp.* 2005 WL 2452540 (E.D. Mo. Oct. 4, 2005); *May v. J.D. Candler Roofing Co., Inc.,* 2005 WL 1349110 (E.D. Mich. May 12, 2005); *Torres v. Chevron U.S.A., Inc.*, 2004 WL 2348274 (N.D. Cal. Oct. 18, 2004).

[3] *See, e.g., Finley v. Higbee Co.*, 1 F. Supp.2d 701 (N.D. Ohio 1997); *Miller v. Stauffer Chem. Co.*, 527 F. Supp. 775 (D. Kan. 1981).

appears to have adopted the latter approach, as it has held that the 30-day removal period in such a case "begins to run from the *actual and effective amendment* of the complaint." *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 409-10 (6th Cir. 2008) (emphasis added).[4] Clearly this is the better reasoned approach, as it

> conserves judicial resources by discouraging improvident or premature removal, since the removal period is triggered by the much more sure and reliable event of actual amendment and subsequent notice of that fact. As a result, [this] approach reduces the costs of litigation for both plaintiff and defendant and streamlines judicial proceedings to promote a more timely conclusion of litigation.

3 Nev. L.J. at 134-35.

In addition to being the better reasoned approach, it is also the approach that is most consistent with the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). In *Murphy Bros.* the Court held that the 30-day removal period applicable to an original complaint begins to run when defendant is formally served with process and is either served with or has access to the complaint. One of the reasons cited for this rule is that defendant is entitled to "adequate time to decide whether to remove an action to federal court." *Id.* at 354. If defendant must make this decision before being served with, or afforded access to, the complaint, "'this places the defendant in the position of having to take steps to remove a suit to Federal court before he knows what the suit is about.'" *Id.* at 352, *quoting* S. Rep. No. 303, 81st Cong., 1st Sess.,

---

[4] In *Freeman*, the narrow issue was whether the 30-day removal period commenced when the state court judge made his "oral order to amend" or when that order was reduced to writing. *Id.* at 410. The Sixth Circuit held that the written order controlled because under Tennessee law oral orders are ineffective. *See id.* For purposes of the present case, *Freeman* is significant because "the complaint *was amended* only upon issuance of the written order." *Id.* (emphasis added). In the present case, the complaint was not "actual[ly] and effective[ly]" amended until plaintiff filed her amended complaint.

6 (1949). By the same reasoning, the 30-day removal period applicable to an action that has become removable by amendment commences when defendant is served with, or has access to, the amended complaint.

Since defendants in the present case removed the matter less than 30 days after plaintiff filed her amended complaint (albeit more than 30 days after the state court granted plaintiff permission to amend), the removal was timely.

While the removal of the case was timely and proper, the court nonetheless has discretion to "remand all matters in which State law predominates." 28 U.S.C. § 1441(c). *See also* 28 U.S.C. § 1367(c)(2) (authorizing district courts to decline to exercise supplemental jurisdiction over state-law claims if they "substantially predominate[] over the claim or claims over which the district court has original jurisdiction, . . ."). The Supreme Court has held that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill* 484 U.S. 343, 350 (1988), *citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). *Accord Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).

In the present case the court is persuaded that, while the court must exercise jurisdiction over plaintiff's Title VII claims, her state-law claims should be remanded to Macomb County Circuit Court. Clearly, the primary thrust of plaintiff's case is based on various sources of state law. As noted, plaintiff asserts common law claims for wrongful discharge and defamation, and claims under three Michigan statutes (i.e., the Whistleblowers' Protection Act, the Elliott-Larsen Civil Rights Act, and the Open Meetings Act). Additionally, it is significant that this case had been

pending in state court for several months before it was removed. Under these circumstances, none of the interests identified by the Supreme Court – least of all fairness and comity – would be served by the court's exercise of jurisdiction over plaintiff's state-law claims. Accordingly,

IT IS ORDERED that plaintiff's motion for remand is granted in part and denied in part. The court shall retain plaintiff's Title VII claims and remand her state-law claims to the Circuit Court for the County of Macomb, State of Michigan.

S/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: November 24, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 24, 2009, by electronic and/or ordinary mail.

S/Carol Mullins
Case Manager